UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS LEE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-1298-ZMB |
| ) | |
| FLAGSHIP CREDIT ACCEPTANCE LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Flagship Credit Acceptance LLC's (FCA) Motion for a More Definite Statement. Doc. 8. Upon review of the operative pleading, the Court finds that the motion is warranted and orders Plaintiff Cornelius Lee Brown to file a new complaint.

## **BACKGROUND**

Brown initially filed his petition in state court in July 2025. *See* Doc. 5. The petition is filled with many legal arguments, but the bottom line is that someone might have repossessed or stolen Brown's car. *See* Doc. 5 at 5 ("They came upon my property without my permission and **stole** my automobile." (emphasis original)).

FCA timely removed the case, *see* Docs. 1 at 1, 1-1 at 22, and Brown never moved for remand.[1] Before responding to the petition, FCA filed its Motion for a More Definite Statement. *See* Doc. 8. FCA acknowledges that the "litigation concerns Plaintiff's auto loan," which led to the repossession of his vehicle. *Id.* at 2. However, FCA avers, the petition does not clarify "what legal claims [Brown] is asserting or what [he] asserts FCA did (or did not do) to support the unidentified legal claims." *Id.* Brown never responded to the motion, and it is now ripe for adjudication.

---

[1] Although Brown originally filed this action in state court, the repeated references to Article III jurisdiction, and the fact that he styled his petition for the "U.S. District Court, Central District/Non-Core venture, St. Louis, Missouri," *see* Doc. 5, leaves the Court with the impression that he intended to file this action in this Court.

## LEGAL STANDARD

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); *see also* FED. R. CIV. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (citations omitted). Motions for more definite statement are generally disfavored, *see id.* at 959–60 (collecting cases), and are "appropriate only if the allegations are so vague and ambiguous that it is virtually impossible to frame a responsive pleading thereto," *Carter v. Kaufman Lumber Co.*, No. 4:19-CV-00157-KGB, 2020 WL 12811191, at *7 (E.D. Ark. Mar. 9, 2020).

One scenario in which a motion for more definite statement may be appropriate is when a pro se pleading fails to comply with Federal Rule of Cvil Procedure 8. *See Houston v. Klaverkamp*, No. 4:22-CV-371-RLW, 2022 WL 5241814, at *2 (E.D. Mo. Oct. 6, 2022). It is well settled that pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quotation omitted). But "while a pro se complaint should be liberally construed," the complaint still must at least "specify the allegations in a manner that provides sufficient notice to the defendant." *Houston*, 2022 WL 5241814, at *2 (quotations omitted).

**DISCUSSION**

The Court has reviewed Brown's petition and finds it does not provide sufficient notice to FCA of the allegations made against it. As best the Court can discern, Brown is bringing a claim for violations of his Fourth and Fifth Amendment rights (and potentially his Fourteenth Amendment right to due process), s*ee* Doc. 5 at 2, which are liberally construed as a claim under 42 U.S.C. § 1983.[2] And as noted above, this matter apparently has something to do with the repossession of Brown's car. But the Court is at a loss as to what purportedly happened. Brown uses names like "he" and "you" throughout but fails to specify who these people are or what precisely they did. Instead, the petition contains numerous references to the Uniform Commercial Code and federal statutes, regulations, and presidential proclamations with little in the way of concrete allegations. Most glaringly of all, the petition does not identify the relationship between Brown and FCA or explain why Brown is suing the company in the first place. Perhaps Brown omitted this critical information in the process of revising his pleading.[3] But if the Court cannot discern the factual allegations, it certainly will not make FCA attempt to respond to them either.

---

[2] A claim under section 1983 gives the Court federal question subject-matter jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). However, it seems Brown mistakenly believes that means he must literally ask a question that is federal in nature. For example, Brown poses a series of questions, such as "Does the Defendant[']s participation in . . . program[s] offered by the Federal Reserve while refusing to account for pledged collateral violate [his] Constitutionally secured rights under 12 U.S.C. § 413 and 59 Stat[.] § .2[?]" Doc. 5 at 3. But Brown does not need to ask a federal question for this Court to have federal-question jurisdiction. He simply needs to allege facts that give rise to a claim under the Constitution or laws of the United States. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) ("Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (citation omitted)). A short and plain recitation of the facts will often be sufficient to meet that standard and is a generally good course of action. *See Bossch v. F.D.I.C.*, No. 4:08-CV-1227-ERW, 2009 WL 1444205, at *1 n.2 (E.D. Mo. May 21, 2009) ("[C]ourts have long been instructed to construe pro se pleadings liberally, in a manner that encompass[es] any allegation stating federal relief." (quotation omitted)).

[3] For example, one page is labeled "Page 4 of 10" and appears to begin in the middle of the factual allegations, while the previous page is labeled "Page 3 of 5" and does not appear to logically follow the next page. *See* Doc. 5 at 4–5.

As such, the Court will require Brown to replead his case. Brown is advised that any new pleading must adhere to the requirements of Rule 8, including the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To aid him in this effort, the Court will ensure Brown has a copy of this District's Civil Complaint form. Because the role of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014), Brown is advised that his allegations should succinctly explain who any defendant is and what that defendant is accused of doing or failing to do. *See Houston*, 2022 WL 5241814, at *2.

## CONCLUSION

Accordingly, the Court **GRANTS** FCA's [8] Motion for a More Definite Statement. Brown must file an amended complaint **no later than December 31, 2025**. If Brown fails timely file the new complaint, the Court will strike his original pleading and dismiss the action without prejudice and without further notice.

The Clerk of Court is directed to mail a copy of this order along with a copy of the Civil Complaint form.

So ordered this 1st day of December 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

4